**KAMINSKI et, Plaintiffs-Appellees, v. LAWYERS TITLE INSURANCE CORPORATION, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22343. Decided February 18, 1952.

Robert A. Good, Ralph Dodero, Cleveland, for plaintiffs-appellees.

Klein & Diehm, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered for the plaintiff in the Common Pleas Court of Cuyahoga County. The action is one for alleged breach of the provisions of an escrow agreement.

The plaintiffs' petition alleges that in a transaction in which the plaintiffs contracted with Sinclair Hill Builders Inc., to build them a brick single residence on a lot located at 7507 Ridgefield Avenue, Parma, Ohio, the defendant was agreed upon by the parties as the escrow agent. It is alleged that the escrow agreement provided in part that there would be deposits in escrow with the escrow agent of $12,400.00 (the purchase price). It further contained the following provision:

"After all funds and instruments have been deposited, you are to file for record the instrument deposited herein with you when you are in a position to furnish the —— for the amount of the purchase price, guaranteeing the record title, * * * in the plaintiffs. * * *."

"After the above instruments have been filed for record you are to credit to the first party (Sinclair Hill Inc.) the balance of the purchase price, less charges * * *."

The plaintiffs allege that about September 8, 1948, there was deposited with the defendant as escrow agent the sum of $5,841.41 from another escrow and that the defendant, before the full purchase price had been paid, filed the deeds for record and closed the escrow and paid that amount, less charges, to Sinclair Hill Inc. It is further alleged that thereafter said contractor failed and refused to complete its contract to build the said dwelling to the plaintiffs' damage in the sum of $5,305.80. That said damages were sustained by reason of defendant's breach of said escrow agreement in paying out the monies received before the full amount had been paid in.

The defendant's answer admits the escrow agreement, denies all other allegations and pleads that the petition does not state a cause of action. A reply was filed denying all affirmative allegations of the answer.

The evidence which is not in dispute upon the material issues is as follows:

On April 4th, 1948, the plaintiff entered into a written agreement with Sinclair Hill Builders, Inc., a partnership, whereby the builders were to construct a brick single home for the plaintiffs at 7507 Ridgefield Avenue in Parma, for $12,400.00. A down payment of $2,500.00 was made at about the time the contract was signed. At the same time the plaintiff gave Sinclair Hill, real estate brokers, the exclusive right to sell their home at 1526 Botany Avenue for $9,500.00 for the sale of which they were to recceive the regular real estate commission.

The new home was to be built on a lot in Parma which the builder was to acquire, the builder to receive in exchange therefor a lot owned by the plaintiffs on West 13th Street in the City of Cleveland. The builder acquired the designated lot for $1,000.00 and had the deed made directly to the plaintiffs. This deed was dated May 28, 1948 and was delivered to this defendant with the other papers in the escrow on September 8, 1948. The plaintiffs delivered a quit claim deed for the 13th Street lot to the builder.

On April 28, 1948, Sinclair Hill, real estate brokers, acting

through Wm. M. Hill, a partner, sold the Botany Avenue property for $9,350.00 and received $2,925.00 on the purchase price which, to the knowledge of the plaintiffs, was retained as a payment on the contract to build the single brick home at 7507 Ridgefield Avenue. At the time of the sale of the Botany Avenue property, the plaintiff signed an escrow agreement with the broker and the purchaser, at the broker's office placing the Botany transaction in escrow with the defendant and at said time the plaintiff also delivered an executed deed to said property to the broker. That escrow agreement provided that the proceeds should be transferred to another escrow agreement signed by the plaintiff in the office of Sinclair & Hill for the purchase by the plaintiff of the Ridgefield property.

On September 8, 1948, the balance due from the purchasers of the Botany Avenue property of $6,425.00 was paid to the defendant. The transaction was thereupon completed and there remained to the credit of the plaintiff $5,841.00 which was transferred to the escrow for the purchase of the Ridgefield property.

The provisions of the second escrow agreement, wherein the plaintiff was purchasing the Ridgefield Avenue property from Sinclair & Hill, in part provided that after all of the funds were deposited with the defendant it was to file for record the deeds that had been deposited with it and when it was in a position to furnish title insurance in the amount of the purchase price, guaranteeing the record title in the plaintiff the escrow agent was then to pay to the seller (contractor) the balance of the purchase price, less charges.

The amount so held on deposit, plus the amounts previously paid to the seller (contractor) by the plaintiff and the down payment on the Botany Avenue property, left undeposited abount $1,124.00. The seller, on September 9, 1948, authorized the defendant to file the deeds, endorsing on the escrow agreement, the following:

"9/9/48. File deeds and we will collect any shortage due from Kaminski in this transaction.

Sinclair Hill Builders Inc.<br>By Wm. M. Hill."

The defendant thereupon, on September 10, 1948, filed the deeds with the county recorder, paid out to the seller (Sinclair Hill) the funds on deposit and closed the escrow.

After the escrow had been closed on September 10, 1948, Sinclair & Hill notified the plaintiffs to pay the balance due to the defendant and in response to such demand the plaintiff drew $1,124.00 out of a bank account and tendered it to the defendant at their office as the balance necessary to complete the transaction. The plaintiffs were then informed by the

defendant that the escrow had been concluded, gave them an accounting and refused to take the money tendered by the plaintiff. The plaintiffs had not been notified prior to this incident which took place on Sept. 28, 1948, of the manner in which the escrow had been concluded.

The contract dated Apr. 4, 1948, in which the plaintiffs contracted to have Sinclair Hill Builders Inc., construct a dwelling for them on Ridgefield Avenue for $12,400.00 provided in part:

"The agreed construction cost of the above mentioned property is $12,400.00. The full construction cost is to be deposited in escrow at a mutually agreed bank or trust company. * * *

"Party of the First Part (plaintiffs herein) hereby deposits the sum of $2500.00 to the party of the second part (Sinclair & Hill) which amount will be credited to them in the escrow."

The only provision in the escrow agreement on the subject of payment is quoted above. The parties had therefore made no agreement that payment should depend on the progress of the work and when the full deposit was made the builder was entitled to the money without regard to the work done. The escrow agreement was signed almost at the beginning of the transaction and deposited with the builder and the date of the deposit of the money was wholly dependent upon receiving payment for the Botany Avenue property except for the balance of $1124.00 which was tendered when demanded on September 28, 1948.

The building at the time the escrow was closed, was a little over fifty percent completed. It was claimed by defendant that further work was done after Sept. 10, 1948. In any event, the builder thereafter defaulted in the performance of the contract and Hill left the jurisdiction in early November, 1948. The plaintiff was compelled to finish the house at a cost in excess of five thousand dollars. It was upon these facts that the plaintiffs were awarded a judgment in the sum of $4000.00.

Defendant claims the following prejudicial errors:

1. The defendant was entitled to a verdict and judgment as a matter of law.

2. The court erred in its charge.

3. The verdict and judgment were excessive.

The foregoing evidence given for the purpose of proving the allegations of plaintiffs' petition, when considered in the most favorable light in support of plaintiffs' contentions, establishes the following facts:

1. That the plaintiffs dealt directly with Sinclair Hill through Wm. M. Hill, concerning the purchase of a new home to be built in Parma and the sale of their then residence on Botany Avenue.

2. That all payments, except the money received from the mortgage of the Botany Avenue property and all contracts, deeds and escrow agreements were signed and delivered to Sinclair & Hill before the defendant had any knowledge of the transaction other than verbal instructions that title searches were to be made which were received after the sale of the Botany Avenue property.

3. The plaintiffs did not rely on the defendant to make payments to the builder, based on the progress of the construction, nor was the defendant ever directly instructed at the time the escrow agreement was delivered to it that the building was still under construction. In fact, by the description of the escrow instruction dealing with the Parma property, it could reasonably be assumed that the transaction at the time was concerned with a completed dwelling.

4. The provisions of the escrow agreement that papers were to be filed when all the funds had been deposited, was not intended by the parties to mean that the escrow agent (defendant herein) could not act until $12,400.00 had been received. To the knowledge of the plaintiffs by their own acts and that of Sinclair & Hill $5425.00 had been paid to the builder before the escrow agreement had been accepted by the defendant.

5. The provision of the escrow agreement that the deeds were to be filed when the purchase price had been deposited was for the benefit of the contractor and not the plaintiff (the escrow agent not being charged with the duty of withholding payment until the building was completed) and when the deed was recorded whereby plaintiffs became the legal owners of the property, before they had performed the obligation imposed upon them to pay the balance due the seller of $1124.00 into escrow, such act did not breach any promise or benefit due the plaintiffs under the escrow agreement.

6. Whatever took place thereafter, with regard to the failure of the contractor to complete the building, could not constitute the breach of any duty or a damage that might have been reasonably anticipated as a result of the breach of any duty owed by defendant to plaintiffs, under the terms of the escrow agreement.

7. Plaintiffs, by their conduct on Sept. 28, 1948 (18 days after the escrow had been closed and the funds on deposit had been paid to the builder) were not concerned with the progress of the work or its relation to the payment of the purchase price to the builder, because if the offer to pay the balance due had been accepted they would thereby have compelled the abstract company to conclude the transaction

and $1124.00 more than was paid would, under the escrow agreement, have been paid to the builder without any reference to the progress of the work, the tender being made at a time when plaintiffs lived close to the building and knew at all times what was being done. They cannot now charge defendant with a claimed foreseeable result that they themselves did not see in attempting to make it necessary by depositing the rest of the contract price to cause the entire balance to be paid to the contractor. The plaintiffs, by this conduct, place an interpretation on the terms of the escrow agreement totally different than they now seek to impose against the defendant.

8. Neither the contract for the building of the house, nor the escrow agreement, provided for payment as the work progressed, but was dependent upon the sale of the Botany Avenue property which was bound to be long before the house was completed.

Upon the foregoing undisputed facts, the plaintiffs have failed to establish any breach of the provisions of the escrow agreement effecting any of their substantial rights thereunder or even if such breach was established, that any foreseeable damage to the plaintiffs resulted.

In 19 American Jurisprudence, page 438, it is declared:

"According to some decision, a condition in the deposit of a deed in escrow for the sole benefit of one of the parties, may be waived by such party and a delivery enforced notwithstanding such condition."

The plaintiffs cannot make their own default in payment of the balance due into the escrow account the means of withholding the right of the contractor to waive the provision (which is for his sole benefit) that when all of the funds have been deposited the deeds shall be filed and the amount due under the contract paid to him. The plaintiffs received everything they were entitled to under the escrow agreement, without themselves having met the full obligations thereunder.

We must conclude, therefore, that the defendant was entitled to a directed verdict and judgment at the conclusion of the case. But having overruled such motion the court committed error prejudicial to the rights of the defendant, as was also true in overruling defendant's motion for judgment notwithstanding the verdict.

Having come to this conclusion, an extended consideration of the other claims of error will be unnecessary. Under the theory of the case, the court's charge and the refusal to submit a defendant's verdict, was erroneously prejudicial to the defendant.

The cause is therefore reversed and remanded with instructions to grant defendant's motion for judgment notwithstanding the verdict. Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.